IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02061-ZLW

RAYFEAL R. NUNN,

    Applicant,

v.

HOYT BRILL (Warden of CCA), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 3 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Rayfeal R. Nunn, filed *pro se* on November 19, 2008, a letter and a "Motion for Reconsideration on Oder [sic] of Dismissal" together with attachments. Mr. Nunn asks the Court to reconsider and vacate the Court's Order of Dismissal and Judgment filed in this action on November 5, 2008.

The Court must construe the motion liberally because Mr. Nunn is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was entered on November 5, 2008. Mr.

Nunn filed the motion to reconsider within ten days after the Judgment was entered. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). ***See Van Skiver***, 952 F.2d at 1243.

The Court denied the habeas corpus application and dismissed the instant action without prejudice for failure to cure because Mr. Nunn failed within the time allowed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Nunn fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Nunn does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the application properly was denied and the action properly was dismissed. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the letter and "Motion for Reconsideration on Oder [sic] of Dismissal" that Applicant, Rayfeal R. Nunn, filed ***pro se*** on November 19, 2008, together with attachments, and which the Court has construed liberally as a motion to

alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 3 day of December, 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02061-BNB

Rayfeal R. Nunn
Prisoner No. 92789
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  12/3/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk